McKinney, J.,
delivered tbe opinion of the Court.
Sharp recovered judgment against one Hansly, before a justice of Campbell county, on a bill single for $233, on the 30th of May, 1857. The ease was removed into the Circuit Court, at the instance of Hansly, by certiorari, granted by two justices.
At the return term, Hansly was allowed to file an amended and supplemental petition, upon condition that he should give “ good and sufficient security ” during that term for the prosecution of the writ.
On the next day, Kincaid, the plaintiff in error, and four other persons, appeared and entered into a recognizance before the Court, which was spread upon the record, obligating themselves, that if the defendant, Hansly, were cast in this suit, “ he shall pay all costs that may be awarded against him; and shall well and truly pay and satisfy whatever judgment the Court may render in this cause, or they, the said John Kin-caid,” (and four others by name,) “ will do it for him.”
At a subsequent term of the Court — Kincaid having given to Hansly the five days’ notice required by law — it was ordered by the Court “ that said defendant shall give counter security, on or before Friday, the tenth instant, or the said John Kincaid will be released from further liability as security, and defendant’s petition dismissed.”
Before the expiration of the time limited, the defendant disclosed to the Court by affidavit, that he was unable to give the counter security required by the rule made upon him, and asked to be permitted to prosecute the writ of certiorari, in forma pauperis ; and having made the prescribed affidavit, he was allowed to do so. Thereupon it was ordered that the rule for counter security be discharged; and it was further ordered “ that John Kincaid, the said security, be released from costs hereafter accruing.” To all which proceedings there was no exception by either of the parties.
At a subsequent term the case was submitted to a jury, and a trial was had on the merits, which resulted in a verdict *153 in favor of the plaintiff, affirming tbe justice’s judgment. Whereupon the Court rendered judgment jointly against the defendant and said Kincaid, and his co-sureties in said recognizance, for the amount of the justice’s judgment, with twelve and a half per cent, per annum thereon; together with the costs of suit, up to the day of Kincaid’s discharge, and against the defendant alone for the residue of the costs. And from this judgment Kincaid appealed in error to this Court.
This proceeding to obtain counter security was instituted under the provision of the Code, sec. 3665, which is as follows: “ Sureties for the prosecution or defence of any suit in law or equity in this State, may be released from such suretyship by giving five days’ notice to the plaintiff, if in the State, and to his attorney, if out of the State, of his intention to move for a rule upon him, to give counter security to indemnify him against liability as such surety.” The following section provides, that “ upon notice thus given, the Court or justice shall make a rule requiring the plaintiff', within a given time, to give such counter security; and on failure of the plaintiff to comply with the rule, the Court will dismiss the suit, and give judgment against the plaintiff and his surety for the costs already accrued.”
By sec. 3131, the clerk is required, before issuing writs of certiorari and supersedeas, to “ take bond from the party applying, with good security, in double the amount of the judgment or error complained of, payable to the opposite party, conditioned to prosecute the writ with effect, or perform the judgment which shall be rendered in the cause.” And by sec. 3137, it is provided that “ upon affirmance of the judgment or decree below, or recovery of a larger amount,' or upon dismissal of the certiorari for -want of prosecution, or for any other cause, the Court shall enter up judgment for the amount recovered against the principal and the sureties to the prosecution bond, with interest at the rate of twelve and one-half per cent, per annum, from the date of the judgment or decree below, and all costs.”
*154 We have cited these several sections of the Code because the questions arising upon this record involve their construction. It is supposed that sec. 3665, and the following section, do not apply to a case like the present; but only to the sureties of the plaintiff in any suit, and not to the sureties of the defendant. This provision is inartificially framed, and is incomplete and wanting in technical accuracy and precision; yet, without a departure from the established principles of construction, the defects may be supplied, so as to carry out the obvious intention of the Legislature. Section 3665, begins with the general provision, that the “ sureties for the prosecution or defence of any suit in law or equity,” may be released, &c. These words comprehend the present, and every other supposable case. And although, from the following words in this, and in sec. 3666, the remedy would seem to be restricted to the sureties of but one party, the plaintiff, yet, it is clear, that such was not the intention of the law. There can be no doubt that the remedy was designed to apply in favor of sureties in all cases, irrespective of the attitude of the parties, as plaintiff or defendant. In reason, the law ought to apply as well in favor of the sureties of the defendant, in cases where, by statute, the defendant is required to give security, as of the plaintiff; and it would have been not only unjust, but absurd, to have discriminated between them.
The omission of the word defendant must therefore be supplied, or the word plaintiff must be taken to mean the actor or principal, for whom the applicant surety is bound.
But it is further insisted, that conceding the remedy to be applicable to the sureties of the party defendant on the record, there is no authority given to subject the discharged surety to any liability whatever, except “ for the costs already accrued.” This, it is true, is the letter of the law, and it is another singular omission, but one which, we think, may be supplied, in view of the intention of the Legislature, by construing, in connection with this section, the sections before cited, (3131, 3137.) It must be taken to have been the intention of the Legislature, that, in either event, the Court should render such *155 judgment as, under the circumstances, might be appropriate, and in accordance with the established rights of the parties. The objection resolves itself merely into this: that it was omitted to express that, which, from the whole scope and object of the law, is necessarily implied. If the certiorari had been dismissed for non-compliance with the rule, it will be conceded that judgment must have been rendered against the surety for the debt, as well as for the costs which had accrued, though this is not declared. And upon the same principle— though the rule may have been complied with — a like judgment must be rendered.
We cannot suppose, either from the letter or spirit of the law, that anything more was designed than to exonerate the surety thus discharged from subsequent liability. We are not to suppose that it was intended to absolve the discharged surety from any legal liability with which he had become fixed previous to his discharge. The liability of the surety, in the present case, was fixed by his recognizance; and from this— except as to costs accruing subsequent to his discharge — it was not intended to discharge him. The security which may be demanded by the surety, is “ counter security to indemnify him, against his liability as such surety.” And while it is true, that the giving of such counter security inures to the benefit of the adverse party in the suit, yet this was not the object of the law. It was, if possible, to save harmless the first surety. Hence, the effect of such counter security is not to discharge the previously fixed liability of the first surety. That remains as before. He is only relieved from future costs; with the further right to demand that, in ease counter security has been given, the latter sureties shall be first made liable to discharge the final judgment which may be rendered in the case. But whether or not counter security be given, the first surety is unquestionably liable upon his bond, in the event the condition thereof shall not have been performed by his principal, except as to the costs of suit which may have accrued after the time of his discharge.
*156 The exceptions to the recognizance are not tenable. True, the statute directs that a “bond” shall betaken; but unquestionably an obligation of record, entered into before the Court, is, for all practical purposes, of at least equal validity and effect.
The recognizance does not, in express terms, bind the party to “prosecute the suit with effect;” nor is it, in terms, “to the opposite party.” These omissions, however, under the modern practice of our Courts, are unimportant, and will be supplied, if necessary, by intendment of law. The objection that the recognizance contains no penalty, is alike untenable. The undertaking of the surety of record is, that the defendant will pay and satisfy whatever judgment the Court may render in the case; and this is in substantial compliance with the requirement of the law.
No question has been made as to the power of the Court to permit the defendant to further prosecute his certiorari without security.
By sec. 3133, it is provided that “no supersedeas shall issue upon application in forma pauperis, without express order of the Judge dispensing with security.” The question, whether or not this was a proper case for dispensing with security, and whether or not the action of the Court in this case was equivalent to an express order of dispensation, not being made, will be left undetermined until properly presented.
Judgment affirmed.